Filed 5/3/13  P. v. Ross CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WILLIE ROYDELL ROSS, SR.,<br><br>    Defendant and Appellant. | G047796<br><br>(Super. Ct. No. RIF127592)<br><br>O P I N I O N |

Appeal from postjudgment order of the Superior Court of Riverside County, Michele D. Levine, Judge.  Affirmed.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Willie Roydell Ross, Sr., was convicted of feloniously beating the victim on December 12, 2005, violating Penal Code section 245, subdivision (a)(1). (All statutory references are to the Penal Code.) The court sentenced him to five years in state prison on June 18, 2009. We affirmed his conviction in a nonpublished opinion. (*People v. Ross et al.* (Apr. 14, 2011, G042846).)

On November 1, 2012, defendant's partially handwritten ex parte motion for an order correcting presentence credits was filed in the superior court. In it, defendant states: "The Court awarded 28 days actual time credit and 13 days conduct credit for a total of 39 days of pre-sentence credit in this case." He requested the superior court to "amend the judgment and direct preparation of an amended abstract of judgment reflecting 26 days actual time credit and 26 days conduct credit for a total of 52 days of pre-sentence credit in this case." We note defendant's conduct credits was not an issue in his appeal.

Upon receipt of defendant's motion, the superior court conducted a hearing on November 8, 2012. A deputy district attorney represented the People and counsel from the conflicts panel represented defendant. The court denied his postjudgment motion.

We appointed counsel to represent defendant on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf. Defendant was given 30 days to file written argument on his own behalf. That period has passed, and we have received no communication from defendant.

Since 1976, section 4019 has offered prisoners in local custody the opportunity to earn credit against their sentences for good behavior. "For eight months during 2010, a now superseded version of section 4019 that was enacted during a state fiscal emergency temporarily increased the rate at which local prisoners could earn conduct credits." (*People v. Brown* (2012) 54 Cal.4th 314, 317-318, fn. omitted.) The

2

California Supreme Court has held section 4019 is to be applied prospectively and that equal protection does not require otherwise, stating: "[T]he important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response." (*People v. Brown*, *supra*, 54 Cal.4th at pp. 328-329.)

We conclude the trial court did not err in calculating defendant's credits, and after examining the record find no other arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436.)

The postjudgment order is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.